IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY HEADRICK, #B-87996; ) | |
| KENDALL BREWER, #S-14346; ) | |
| SHANE JONES, #S-12829; ) | |
| and ANDRE COWANS, #M-06116, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 13-cv-919-GPM |
| ) | |
| S.A. GODINEZ, ALLEN E. MARTIN, ) | |
| SGT. CAMPBELL, SGT. JOHNSON, ) | |
| OFFICER REED, and ) | |
| CHAPLAIN M. WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for case management. On October 3, 2013 (Doc. 15), Plaintiffs Brewer, Jones, and Cowans were ordered to inform the Court no later than October 24, 2013, if they wished to withdraw from this group litigation. Only Plaintiff Cowans responded, stating that he wants to continue to pursue his claims in this case along with the other co-Plaintiffs (Doc. 17). Plaintiffs Brewer and Jones did not respond. In Doc. 15, they were warned that unless they chose to withdraw, they would continue as parties herein and each would incur the obligation to pay a separate filing fee. Thus, co-Plaintiffs Brewer, Jones, and Cowans shall all remain as parties in this action.

However, before the Court proceeds to a merits review of the complaint, several motions must be addressed.

**Motion to Sever (Doc. 20) and Motion to Allow Correspondence (Doc. 10) by Plaintiff Headrick**

When this action was filed, all the Plaintiffs were incarcerated at Shawnee Correctional Center ("Shawnee"). However, Plaintiff Headrick was later transferred to Pontiac Correctional Center, and then moved again to the St. Clair County Jail. On October 28, 2013, he requested that his claims be severed into a separate action, and that he be allowed to amend his complaint. Accordingly, the motion to sever (Doc. 20) is **GRANTED.** The motion to allow Plaintiffs to correspond with each other through IDOC mail (Doc. 10) is **DENIED AS MOOT.**

**IT IS THEREFORE ORDERED** that Plaintiff Headrick's claims are **SEVERED** into a new case. That new case shall be captioned: **TIMOTHY HEADRICK, Plaintiff, vs. S.A. GODINEZ, ALLEN E. MARTIN, SGT. CAMPBELL, SGT. JOHNSON, OFFICER REED, and CHAPLAIN M. WILLIAMS, Defendants**. The claims brought by Plaintiffs Brewer, Jones, and Cowans shall remain in this original case.

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)    This Memorandum and Order

(2)    The Original Complaint (Doc. 1)

(3)    Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

(4)    Plaintiff's motion to appoint counsel (Doc. 3)

(5)    The sealed document filed by Plaintiff at Doc. 11

(6)    The Memorandum and Order at Doc. 15

**IT IS FURTHER ORDERED** that Plaintiff **TIMOTHY HEADRICK** is **TERMINATED** from *this* action with prejudice. He will not owe a filing fee for this action, but will be responsible for the filing fee in his severed case. His motion for leave to proceed *in*

*forma pauperis* and the other motions listed above shall be addressed in that new case. The Clerk shall notify Plaintiff Headrick of his new case number, and he is cautioned to file all future documents under that new number.

**IT IS FURTHER ORDERED** that Plaintiff **HEADRICK** shall submit his amended complaint in the new severed action within 35 days of the date of this Order (on or before **December 23, 2013**). If he fails to submit an amended complaint by that deadline, the Court shall proceed to conduct the merits review pursuant to 28 U.S.C. § 1915A on the original complaint.

**Filing Fees**

Plaintiffs Brewer, Jones, and Cowans were each directed to submit a motion for leave to proceed *in forma pauperis* ("IFP") by October 9, 2013 (Docs. 5, 6, and 7). Plaintiffs Jones and Cowans complied, and their motions were filed at Docs. 13 and 12, respectively. The Court has granted those motions in separate orders.

Plaintiff Brewer has not filed a motion to proceed IFP as of this date, which is grounds to dismiss him from the action (See Doc. 5). Further, because he did not take the opportunity to withdraw from this case pursuant to the Order at Doc. 15, he remains obligated to pay the $400.00 filing fee[1] for this action even if the Court dismisses him for failure to prosecute his claims. A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

Plaintiff Brewer shall have one final chance to submit a motion for leave to proceed IFP in this action. He must do so no later than **December 9, 2013** (21 days from entry of this order). If he fails to submit an IFP motion, he shall be dismissed from this action with prejudice and an order shall issue for collection of the $400.00 filing fee from his inmate trust fund account. *See* 28 U.S.C. § 1915(b)(1); FED. R. CIV. P. 41(b). Plaintiff Brewer must also submit his certified inmate trust fund account statement for the period from March 6, 2013, through September 6, 2013 (the date this action was filed).

The Clerk is **DIRECTED** to mail Plaintiff Brewer a blank form motion for leave to proceed IFP.

The complaint is currently undergoing preliminary merit review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. When § 1915A review is complete, a copy of the Court's merit review order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are **REMINDED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, including Plaintiff Headrick.

**IT IS SO ORDERED.**

**DATED:** November 18, 2013

<u>s/ G. Patrick Murphy</u>
G. PATRICK MURPHY
United States District Court
